# In the United States Court of Federal Claims

|  |  |
|---|---|
| ELECTRICAL WELFARE TRUST FUND, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES,<br><br>  Defendant. | No. 19-cv-353<br><br>Filed: June 22, 2022 |

*Joseph H. Meltzer*, Kessler Topaz Meltzer & Check, LLP, Radnor, Pennsylvania for Plaintiffs. with him on the briefs are *Melissa L. Troutner*, Kessler Topaz Meltzer & Check, LLP, Radnor, Pennsylvania; and *Charles Fuller*, McChesney & Dale, P.C., Bowie, Maryland.

*Borislav Kushnir*, United States Department of Justice, Civil Division, Washington, District of Columbia for Defendant. With him on the briefs are *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Civil Division; *Patricia M. McCarthy*, Director, Commercial Litigation; *Eric P. Bruskin*, Assistant Director, Commercial Litigation; *Kenneth Whitley*, United States Department of Health and Human Services; and *David Hoskins*, United States Department of Health and Human Services.

## MEMORANDUM AND ORDER

Currently before the Court is Plaintiff Electrical Welfare Trust Fund's (EWTF's) Motion for Class Certification, Appointment as Class Representative, and Appointment of Class Counsel (collectively, "Motion for Class Certification"), requesting this Court certify a class of "[a]ll self-administered, self-insured employee health and welfare benefit plans that are or were subject to the assessment and collection of the Transitional Reinsurance Contribution under Section 1341 of the Affordable Care Act for benefit year 2014." (ECF No. 53) (Class Cert. Mot.) at 1. Defendant does not oppose certifying the class. *See* Defendant's Response to EWTF's Motion for Class

Certification (ECF No. 65) (Def. Resp.) at 1.  As EWTF's motion is unopposed, and for the reasons explained below, this Court **GRANTS** EWTF's Motion for Class Certification (ECF No. 53).

BACKGROUND

Familiarity with the background of this litigation is presumed.  *See Elec. Welfare Tr. Fund v. United States*, 155 Fed. Cl. 169 (2021).  As described in this Court's July 30, 2021 Memorandum and Order, Plaintiffs in this action — EWTF, The Operating Engineers Trust Fund of Washington, D.C. (OETF), and The Stone & Marble Masons of Metropolitan Washington, D.C. Health and Welfare Fund (Stone Masons) — are self-administered, self-insured multi-employer group health plans seeking to recover money they allege Defendant illegally collected based on an unlawful interpretation of 42 U.S.C. § 18061.  Second Amended Complaint (ECF No. 59) (Second Am. Compl.) ¶¶ 1-3; *Elec. Welfare Tr. Fund*, 155 Fed. Cl. 169.

The Transitional Reinsurance Program (TRP) of the Affordable Care Act mandated that all "health insurance issuers, and third party administrators on behalf of group health plans, [were] required to make payments to an applicable reinsurance entity for any plan year beginning in the 3-year period beginning January 1, 2014 . . . ." 42 U.S.C. § 18061(b)(1)(A).  Department of Health and Human Services (HHS) regulations implementing the TRP defined such "contributing entities" as follows:

> (1) a health insurance issuer; or
>
> (2) For the 2014 benefit year, a self-insured group health plan (including a group health plan that is partially self-insured and partially insured, where the health insurance coverage does not constitute major medical coverage), whether or not it uses a third party administrator; and for the 2015 and 2016 benefit years, a self-insured group health plan (including a group health plan that is partially self-insured and partially insured, where the health insurance coverage does not constitute major medical coverage) that uses a third party administrator in connection with claims processing or adjudication (including the management of internal appeals) or plan enrollment for services other than for pharmacy benefits or excepted benefits within the meaning of section 2791(c) of the PHS Act.

79 Fed. Reg. 13744 (March 11, 2014) (2014 Final Rule); 5 C.F.R. § 153.20 (codifying the definition of "contributing entity" as reflected in the 2014 Final Rule).

Based on that definition, Defendant required EWTF, OETF, and Stone Masons to pay TRP contributions for benefit year 2014. Second Am. Compl. ¶¶ 70-72. Defendant further required OETF and Stone Masons to pay TRP contributions for benefit years 2015 and 2016. *Id.* Plaintiffs alleged in their initial complaint that these contributions constituted an illegal taking violating the Fifth Amendment's Takings Clause and an illegal exaction violating the Fifth Amendment's Due Process Clause. Complaint (ECF No. 1) (Compl.) ¶¶ 89-111. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC or Rules) or, in the alternative, for summary judgment. *See* Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 6) (Def. Mot.). On July 30, 2021, this Court granted Defendant's motion in part and denied it in part. *See Elec. Welfare Tr. Fund*, 155 Fed. Cl. at 174.

Specifically, this Court denied Defendant's motion regarding EWTF's illegal exaction claim as HHS's regulation requiring EWTF to pay TRP contributions for benefit year 2014 was contrary to the text of 42 U.S.C. § 18061 and "EWTF clearly alleged that it is a self-funded, self-administered plan that does not use a third-party administrator." *Id.* at 184. This Court granted Defendant's motion regarding OETF's and Stone Masons' illegal exaction claims as HHS had reasonably concluded that 42 U.S.C. § 18061 permitted HHS to collect TRP payments from self-funded plans that used third-party administrators. *See id.* at 187-88. This Court denied without prejudice Defendant's motion with respect to each of Plaintiff's Takings claims. *Id.* at 193. The Court based its denial upon uncertainty concerning "(1) the nature of plaintiffs' property interest in their respective group health care plans, and (2) the effect, if any, the TRP had on those alleged property interests." *Id.*

Subsequently, Plaintiffs amended their complaint to address those uncertainties. *See* Amended Complaint (ECF No. 28) (Am. Compl.); *see also* March 1, 2022 Transcript of Oral Argument (ECF No. 45) at 14:14-21 (noting Amended Complaint includes specific facts describing nature of Plaintiffs' property interests). Plaintiffs moved on consent to file a second amended complaint removing the word "multiemployer" from the Exaction Class definition in the Amended Complaint. *See* Plaintiffs' Unopposed Motion for Leave the Amend Exaction Class Definition in the Amended Class Action Complaint (ECF No. 48) (Mot. Leave) at 2; April 8 Order Granting Plaintiff's Unopposed Motion for Leave to File to Amend Exaction Class Definition in the Amended Class Action Complaint (ECF No. 51) (April 8 Order).

Relevant to the present Motion, EWTF alleges *inter alia* that its TRP contributions for benefit year 2014, and those made by similarly situated, self-administered group health plans, constituted illegal exactions. *See* Second Am. Compl. ¶¶ 66, 70-73, 89. EWTF filed the present Motion seeking to certify such a class of self-administered, self-insured employee health and welfare benefit plans. *See* Class Cert. Mot.; April 8 Order.

## APPLICABLE LEGAL STANDARD

This Court may certify a class action if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

RCFC 23(a). To maintain a class action, the Court must also determine that "the United States has acted or refused to act on grounds generally applicable to the class," that "the questions of law or fact common to class members predominate over any questions affecting only individual

4

members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." RCFC 23(b). Put differently, a plaintiff seeking class certification must demonstrate (i) numerosity, (ii) commonality, (iii) typicality, (iv) adequacy, and (v) superiority. *See Bright v. United States*, 603 F.3d 1273, 1278 n.2 (Fed. Cir. 2010) ("The court summarized the requirements of RCFC 23(a) and (b) as follows: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, and (5) superiority.").

The plaintiff bears the burden of establishing each element by a preponderance of the evidence. *Common Ground Healthcare Coop. v. United States*, 137 Fed. Cl. 630, 637 (2018). Failure to establish a single element precludes class certification. *Id.*

## DISCUSSION

This Court agrees that class certification is appropriate in this instance. Plaintiff EWTF proposes certifying the following class:

> All self-administered, self-insured employee health and welfare benefit plans that are or were subject to the assessment and collection of the Transitional Reinsurance Contribution under Section 1341 of the Affordable Care Act for benefit year 2014 (the "Exaction Class" or "Class"),

Class Cert. Mot. at 1. This class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements, and Defendant does not oppose the class definition.

I. The Proposed Class Meets the Numerosity Requirement.

A plaintiff seeking to certify a class must show that "the class is so numerous that joinder of all members is impracticable." RCFC 23(a)(1). To assess impracticability, "a court should consider the number of potential class members, the geographic dispersal of the potential class members, and the size of each potential class member's claim." *Common Ground Healthcare*, 137 Fed. Cl. at 638. The most important factor is the number of potential class members. *Id.* The Court of Federal Claims has held that as few as 23 potential class members has satisfied the

5

requirement in some contexts and has held that a demonstration of hundreds of potential class members "standing alone, is sufficient to satisfy the numerosity requirement." *Id.*; *see Brown v. United States*, 126 Fed. Cl. 571, 578 n.3 (2016) (explaining that the Court of Federal Claims has found potential class sizes of 23, 25, 33, 44, 48, 135, 150, and 152 members sufficient to satisfy the numerosity requirement).

Here, the Court is satisfied that the number of class members is sufficiently large to warrant class certification. Defendant acknowledges that 652 self-administered, self-insured entities made a TRP contribution for benefit year 2014. Mot. Leave Exhibit 3 (ECF No. 48-3) at 3. While the parties acknowledge that some of those entities may have used a third-party administrator for part of their operation and thus fall outside the class, according to Defendant the number of such extra-class entities does not comprise even a plurality of the 652 entities that identified as self-administered, self-insured plans. *See* Def. Resp. at 3-4; EWTF's Reply in Support of Its Motion for Class Certification (ECF No. 69) (EWTF Rep.) at 2-3. Thus, the likely hundreds of fully self-administered, self-insured entities comprising the proposed class satisfies the numerosity requirement here.

An additional factor supporting the appropriateness of class certification is that the self-administered, self-insured entities identified by Defendant are located throughout the country. *See* ECF No. 52-2. "[W]hen the court finds that the class members are widely dispersed geographically, then their joinder may be deemed impracticable." 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1762 (4th ed. 2022); *see also Common Ground Healthcare*, 137 Fed. Cl. at 638 ("Moreover, plaintiff observes that potential class members are dispersed throughout the country — a fact that supports the conclusion that plaintiff has satisfied the numerosity requirement."). Accordingly, EWTF's proposed class satisfies the Rule 23 numerosity requirement.

II.     The Questions of Law and Fact Are Common to the Proposed Class.

The commonality requirement of RCFC 23 "entails three inquiries: (1) whether there are 'questions of law or fact common to the class;' (2) whether those common questions 'predominate over any questions affecting only individual members;' and (3) whether the 'United States acted or refused to act on grounds generally applicable to the class.'" *Filosa v. United States*, 70 Fed. Cl. 609, 617 (2006) (quoting RCFC 23(a)(2), (b)(1), (b)(2)).  EWTF's proposed class satisfies those inquiries given the proposed class's claims "are based on the same exact government action," namely HHS requiring self-administered, self-insured entities to pay the TRP contribution for benefit year 2014 in contravention of the plain language of 42 U.S.C. § 18061.  *Starr Int'l Co.*, 109 Fed. Cl. at 633; *Elec. Welfare Tr. Fund*, 155 Fed. Cl. at 180.

First, the proposed class members share common questions of law and fact, as "[a]n identical legal question is present for each potential class member — i.e., whether the government is required to refund paid . . . fees." *Silver Buckle Mines, Inc. v. United States*, 132 Fed. Cl. 77, 99 (2017).  Second, common issues predominate as (i) liability for all class members' claims turns on the question of whether requiring self-administered, self-insured entities to pay the TRP contribution for benefit year 2014, and (ii) damages may be calculated using a common methodology.  *See id.* (concluding that asserting an illegal exaction claim satisfied the predominance requirement); *Common Ground Healthcare*, 137 Fed. Cl. at 640 (holding that plaintiff's proposed class satisfied the predominance requirement where "the calculation of each potential class member's unpaid cost-sharing reduction payments appears to be a rather straightforward process," and noting "it is well settled that the need for individualized damages calculations does not preclude the certification of a class").  Finally, Defendant acted on grounds applicable to the entire class as HHS's requirement that all class members make the contribution "was a single act that affected all putative class members." *Geneva Rock Prods., Inc. v. United States*, 100 Fed. Cl. 778, 788-89 (2011).  This

7

Court is, therefore, satisfied that EWTF's proposed class satisfies the Rule 23 commonality requirement.

III. <u>EWTF's Claim is Typical of the Class's Claims</u>

Rule 23 further requires plaintiffs to establish that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." RCFC 23(a)(3). This threshold "is not high." *Filosa*, 70 Fed. Cl. at 620. A plaintiff demonstrates the requisite typicality "when 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Barnes v. United States*, 68 Fed. Cl. 492, 498 (2005) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The presence of some factual differences between the claims of the named representatives and the claims of the class will not defeat certification if "the named representatives' claims share the same essential characteristics as the claims of the class at large." *Fisher v. United States*, 69 Fed. Cl. 193, 200 (2006). EWTF's proposed class easily exceeds the threshold for typicality because EWTF's illegal exaction theory — that the Government illegally exacted TRP Contribution payments from Plaintiff for benefit year 2014 — is identical to the legal theory asserted by the class. *See* Second Am. Compl. ¶ 66 ("Defendant promulgated a rule requiring all SMPs and [self-administered, self-insured employee health and welfare benefit plans], including members of the Exaction Class, to pay the Contribution (including the additional contribution amount) for benefit year 2014 . . . .").

IV. <u>EWTF and Proposed Class Counsel Will Fairly and Adequately Represent the Class</u>.

Rule 23 also requires the Court to examine whether "the representative parties will fairly and adequately protect the interests of the class." RCFC 23(a)(4). This includes considering whether class counsel will fairly and adequately represent the class and whether the class members have conflicting interests. *See Starr Int'l Co.*, 109 Fed. Cl. at 635; *Barnes*, 68 Fed. Cl. at 499.

8

First, the Court is satisfied that proposed class counsel Kessler Topaz Meltzer & Check, LLP and McChesney & Dale, P.C. have the experience and expertise necessary to adequately represent the class. Before the court can appoint class counsel, it "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Rule 23(g)(1)(A). Kessler Topaz is one of the largest class action and complex litigation firms in the country and has invested significant time and resources investigating and litigating the claims in this action. *See* Class Cert. Mot. Exhibit 2 (ECF No. 53-3). Similarly, McChesney & Dale, is a well-regarded litigation firm with expertise in ERISA matters, located in the Washington, D.C. metro area. *See* ECF No. 53-4. Furthermore, proposed class counsel have investigated the class's claims and have diligently litigated the suit for EWTF. *See* Class Cert. Mot. Exhibit 1 (ECF No. 53-2). The Court is thus satisfied that proposed class counsel have the requisite experience, knowledge, and resources to represent the proposed class.

Second, the Court is satisfied that EWTF will adequately represent the other class members. The principal concern when approving a class representative is ensuring that the representative "and the proposed class members are free from conflicting interests." *Filosa*, 70 Fed. Cl. at 621. The Court does not detect any conflict between EWTF and the proposed class members, and Defendant does not identify any such conflicts. *See generally* Def. Resp. Accordingly, this Court concludes that EWTF and its counsel will provide adequate representation of the proposed class's interests.

V.      <u>A Class Action is Superior to Resolve the Proposed Class's Claims</u>.

Finally, EWTF must demonstrate that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." RCFC 23(b)(3). Among the factors to consider in determining such superiority are (i) the potential "class members' interests in individually controlling the prosecution of separate actions," (ii) "the extent and nature of any litigation concerning the controversy already begun by class members," and (iii) "the likely difficulties in managing a class action." *Id.* "Essentially, under this prong of the analysis, the court is obliged to conduct a cost/benefit analysis, weighing any potential problems with the manageability or fairness of a class action against the benefits to the system and the individual members likely to be derived from maintaining such an action." *Barnes*, 68 Fed. Cl. at 499. Since Defendant's liability turns on the same legal question for all proposed class members, "resolution of the predominant legal issue in one action is superior for fairly and efficiently adjudicating this case." *Singleton v. United States*, 92 Fed. Cl. 78, 86 (2010). Given the direct overlap between EWTF's claims and those of the proposed class, "there is little benefit to having each proposed class member retain counsel, pay filing fees, and submit duplicative pleadings." *Filosa*, 70 Fed. Cl. at 622. Furthermore, judicial economy is best served by proceeding as a class action rather than via potentially hundreds of individual suits presenting identical questions of law and similar questions of fact. Therefore, the Court concludes that a class action is a superior method of adjudicating the proposed class's claims.

## CONCLUSION

For the reasons above, Plaintiff's Class Certification Motion (ECF No. 53) is **GRANTED**. The Court certifies the following class related to their respective illegal exaction claims:

    All self-administered, self-insured employee health and welfare benefit plans that

are or were subject to the assessment and collection of the Transitional Reinsurance Contribution under Section 1341 of the Affordable Care Act for benefit year 2014 (the "Exaction Class" or "Class").[1]

As noted, the illegal exaction class claim concerns the money HHS collected as TRP payments for benefit year 2014 under 42 U.S.C. § 18061.  Plaintiff EWTF shall serve as the class representative.  Kessler Topaz and McChesney & Dale shall serve as class counsel.[2]  By July 22, 2022, the parties shall **FILE** a joint proposed Notice and an opt-in schedule that complies with RCFC 23(c)(2)(B).

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

June 22, 2022
Washington, D.C.

---

[1] The Class excludes: Defendant, as well as its agents, officials, and families; any judicial officer assigned to this case; and any self-administered, self-insured employee health and welfare benefit plans that received a full refund of the Transitional Reinsurance Contribution paid to the Government for benefit year 2014.  The parties further agree that this class definition excludes nominal self-insured, self-administered entities, which use a third-party administrator for a small portion of their operation.  Def. Resp. at 7; EWTF Rep. at 3.

[2] Notwithstanding the appointment of both Kessler Topaz and McChesney & Dale as class counsel, all filings made on behalf of the class shall continue to be signed by the attorney of record for the class representative.  *See* RCFC 83.1(c)(1)-(2) (limiting a party to "have only one attorney of record in a case at any one time," and further mandating that "[a]ll filings must be signed in the attorney of record's name").