# In the United States Court of Federal Claims

ELECTRICAL WELFARE TRUST
FUND, *et al*.,

     Plaintiffs,

    v.

THE UNITED STATES,

     Defendant.

No. 19-cv-353

Filed: August 18, 2023

## **MEMORANDUM AND ORDER**

On July 7, 2023, this Court granted Defendant's Motion for Partial Summary Judgment concerning Plaintiffs' claims brought pursuant to the Takings Clause of the Fifth Amendment. *Elec. Welfare Trust Fund v. United States*, No. 19-cv-353, 2023 WL 4530118 (Fed. Cl. July 7, 2023) (*EWTF II*).[1]  As described more fully below, as part of that opinion this Court held that Plaintiffs had waived a particular argument by initially raising it at oral argument. *Id.* at *10.  This Court also held that assuming *arguendo* Plaintiffs' argument was not waived, the argument would also fail on the merits.  *Id.* at *10–*11.  On August 7, 2023, Plaintiffs timely filed a Motion for Partial Reconsideration (Motion), requesting reconsideration of this Court's procedural holding of waiver; Plaintiffs do not move for reconsideration of the Court's alternative merits holding.  *See* Plaintiffs' Motion for Partial Reconsideration (ECF No. 133) (Mot.) at 4 (quoting *EWTF II*, 2023

---

[1] On July 10, 2023, the Clerk of Court entered partial Judgment for Defendant on Plaintiffs' Takings claims.  ECF No. 130.

WL 4530118, at *10); Mot. at 7 n.3.[2]  On August 7, 2023, this Court ordered Defendant to respond to the Motion, and on August 17, 2023, Defendant filed its response, urging this Court to deny the Motion because this Court's waiver holding did not constitute clear error.  Defendant's Response to Plaintiffs' Motion for Partial Reconsideration (ECF No. 135) (Def. Resp.).  Having carefully considered the parties' arguments, Plaintiffs' Motion is **DENIED** for the reasons set forth below.

## **BACKGROUND**

This action has a lengthy history, familiarity with which is presumed.  *See EWTF II*, 2023 WL 4530118; *Elec. Welfare Trust Fund v. United States*, 155 Fed. Cl. 169 (2021) (*EWTF I*).  In summary relevant to this Motion, Plaintiffs Operating Engineers Trust Fund of Washington, D.C. (OETF) and Stone & Marble Masons of Metropolitan Washington, D.C. Health and Welfare Fund (Stone Masons) (collectively, Plaintiffs) are self-insured group health plans seeking just compensation under the Takings Clause of the Fifth Amendment.  *See EWTF II*, 2023 WL 4530118, at *1–*2; *see also* Plaintiffs' Second Amended Complaint (ECF No. 59) (2d Am. Compl.) ¶¶ 3, 23–31, 101–15.  Specifically, Plaintiffs sought to recover amounts paid under United States Department of Health and Human Services' (HHS's) regulations implementing the Patient Protection and Affordable Care Act of 2010's (ACA's) Transitional Reinsurance Program (TRP) for benefit years 2014 through 2016.  *See EWTF II*, 2023 WL 4530118, at *2–*4; 2d Am. Compl. ¶¶ 101–15.  Plaintiffs contend Defendant's implementation of the TRP amounted to a Taking under the Fifth Amendment such that Plaintiffs are owed just compensation for their mandatory, paid contributions into the program.  *EWTF II*, 2023 WL 4530118, at *1–*5; 2d Am. Compl. ¶¶ 13–14, 101–15.

---

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

As noted, this Court previously granted partial summary judgment in favor of Defendant, holding Plaintiffs' Takings claims fail because "the requirement to pay TRP contributions did not implicate a cognizable property interest" under the Fifth Amendment. *EWTF II*, 2023 WL 4530118, at *12.[3]  Plaintiffs ultimately advanced two arguments in favor of their claim for just compensation under the Takings Clause. *Id.* at *8.  First, Plaintiffs argued "each TRP contribution was a specific fund of money in which Plaintiffs had a property interest by virtue of the trust agreements establishing their trust funds." *Id.*; *see* 2d Am. Compl. ¶ 103; Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment (ECF No. 116) (Opp.) at 20.  Plaintiffs directly addressed this argument in summary judgment briefing, and the Court ruled in favor of Defendant on the merits of this argument. *See EWTF II*, 2023 WL 4530118, at *8–*12; Opp. at 20–30.  Second, Plaintiffs alleged their respective trust accounts—rather than the assets within the trust accounts—were the relevant "specific funds," from which Plaintiffs "were effectively required to pay their TRP contributions." *Id.* at *10 (citing Transcript of Oral Argument, dated May 11, 2023 (ECF No. 126) (Trans.) at 21:25–22:3, 25:24–26:2, 30:2–10).  Plaintiffs initially

---

[3] In addition to their Takings Claim, Plaintiffs' original complaint likewise raised an Illegal Exaction Claim. *See EWTF II*, 2023 WL 4530118, at *4; *EWTF I*, 155 Fed. Cl. at 174, 181–88; Complaint (ECF No. 1) (Compl.) at ¶¶ 11–14.  On May 7, 2019, Defendant moved to dismiss Plaintiffs' complaint for lack of jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (Rules), and alternatively moved for summary judgment. *See* Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 6).  On July 30, 2021, this Court granted in part and denied in part Defendant's Motion to Dismiss, dismissing OETF's and Stone Masons' illegal exaction claims and holding the ACA empowered HHS to collect TRP contributions from entities that used third-party administrators. *EWTF I*, 155 Fed. Cl. at 184–88.  However, the Court denied the motion with regard to Plaintiff EWTF—a self-insured, self-administered group health plan—as the plain text of the ACA did not provide HHS the authority to collect TRP contributions from self-insured group health plans that did not use a third-party administrator. *Id.* at 181–84.  On April 8, 2022, EWTF moved to certify a class of entities eligible to recover under Illegal Exaction claims (Illegal Exaction Class). *See* Plaintiff EWTF's Motion to Certify Class (ECF No. 53).  The Court granted EWTF's motion on June 22, 2022. *See* Memorandum and Order granting Motion to Certify Class (ECF No. 70).  The Court entered Judgment in favor of the Illegal Exaction Class on May 12, 2023. *See* ECF Nos. 123, 124.

presented this contention at oral argument; accordingly, this Court held that Plaintiffs had waived this second argument. *Id.* at *10 (citing *CardSoft, LLC v. Verifone, Inc.*, 769 F.3d 1114, 1119 (Fed. Cir. 2014), *vacated on other grounds*, 576 U.S. 1049).  Despite such waiver, as an alternative ground this Court also thoroughly explained why Plaintiffs' second argument was incorrect on the merits, *see id.* at *10–*12.  Plaintiffs now move for reconsideration of this Court's "procedural finding" regarding waiver.  Mot. at 4.

## STANDARD FOR RECONSIDERATION

A motion for reconsideration is governed by Rule 59(a)(1).  Pursuant to Rule 59(a)(1), a court, in its discretion, "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal citation and quotation omitted).  A motion for reconsideration must also be supported "by a showing of extraordinary circumstances which justify relief." *Id.* (quoting *Caldwell v. United States*, 391 U.S. 1226, 1235 (Fed. Cir. 2004)).  Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted).  "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## DISCUSSION

As Plaintiffs acknowledge, this is a "narrow motion."  Mot. at 4.  Plaintiffs "do not raise any issues" relating to the merits of the Court's decision granting partial summary judgment. *Id.*

at 7 n.3.  Instead, Plaintiffs request reconsideration of "a single procedural finding." *Id.* at 4.  The sole question, therefore, is whether this Court erred by holding Plaintiffs waived their second argument relating to their Takings claim.

A review of the history of the underlying motion for partial summary judgment and the parties' arguments in support of their positions is pertinent to the adjudication of this Motion. According to Plaintiffs, "Defendant's implementation of the TRP amounted to a taking under the Fifth Amendment such that Plaintiffs are owed just compensation for their mandatory, paid contributions into the program." *EWTF II*, 2023 WL 4530118, at *1 (citing 2d Am. Compl. ¶¶ 13–14); *see id.* at *6 (citing 2d Am. Compl. ¶¶ 108–09); 2d Am. Compl. ¶¶ 101–10.  The Takings Clause states "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V.  As articulated in its decision, this Court must analyze Takings claims via a two-step approach.  *See Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004); *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed. Cir. 2002).  First, the court must "determine whether the claimant possessed a cognizable property interest in the subject of the alleged taking for purposes of the Fifth Amendment." *Adams*, 391 F.3d at 1218.  This first step necessarily includes identifying "what, if anything, was the subject of the alleged taking." *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 855 (Fed. Cir. 2009).

Normally, "the mere imposition of an obligation to pay money . . . does not give rise to a claim under the Takings Clause of the Fifth Amendment." *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1340 (Fed. Cir. 2001) (en banc); *see E. Enters. v. Apfel*, 524 U.S. 498, 540 (1998) (Kennedy, J., concurring); *see also EWTF II*, 2023 WL 4530118, at *7 n.9 (summarizing *Eastern Enterprises*).  However, "one's property interest in a *specific fund* of money—e.g., the interest or principal of an identified account—is cognizable under the Takings Clause." *EWTF II*,

2023 WL 4530118, at *8 (emphasis in original) (citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160–65 (1980), *Phillips v. Wash Legal Found.*, 524 U.S. 156, 163–72 (1998), and *Brown v. Legal Found. of Wash.*, 538 U.S. 216, 231–41 (2003)); *see also Adams*, 391 F.3d at 1224 (characterizing "specific funds" as "legitimate property interests" under the Takings Clause). Therefore, in situations such as this one, where the subject of the alleged taking is a sum of money, the step one inquiry becomes whether the government appropriated a "specific fund" *in toto*. *See EWTF II*, 2023 WL 4530118, at *8; 2d Am. Compl. ¶¶ 13–14, 103, 110. If the government appropriated a specific fund in its entirety, then a plaintiff's interest in that specific fund may be cognizable under the Takings Clause. *EWTF II*, 2023 WL 4530118, at *8.

Plaintiffs' inconsistent articulation of the "specific fund" at issue in this case underlies Plaintiffs' Motion. Plaintiffs now contest this Court's holding that their second argument—that the relevant "specific funds" were their overall trust accounts from which they were effectively required to pay their TRP contributions—was waived. *See* Mot. at 8–10. Plaintiffs contend they "have maintained during the entirety of this litigation that the 'specific funds of money' at issue here are Plaintiffs' trust accounts." Mot. at 8. Plaintiffs allege this Court committed clear error in holding otherwise. *Id.* at 4, 10.

This Court disagrees. Plaintiffs have consistently argued the "specific funds" in which Plaintiffs have a cognizable property interest were the assets contained in Plaintiffs' respective trust accounts, *not* the trust accounts as a whole. Early in this litigation, this Court denied Defendant's motion to dismiss the complaint but requested the parties provide more information concerning "the nature of plaintiffs' property interest." *EWTF I*, 155 Fed. Cl. at 193; *see also EWTF II*, 2023 WL 4530118, at *8 n.11. Plaintiffs subsequently amended their complaint to clarify that the "[f]unds held in self-insured health and welfare trust funds constitute identifiable

property interests in specific funds of money protected by the Takings Clause of the Fifth Amendment." 2d Am. Compl. ¶ 103; *see id.* ¶¶ 104, 105 ("Plaintiffs . . . had cognizable property interests in the funds held in the self-insured multiemployer health and welfare trust funds at issue . . . ."); *id.* ¶ 108 ("Defendant's requirement that administrators of SMPs relinquish funds held in self-insured health and welfare trust funds to pay the Contribution is akin to the government's own invasion into and taking of the funds and constitutes a *per se* taking."). Plaintiffs' operative complaint consistently reflects that the relevant "specific funds" in which Plaintiffs assert a cognizable property interest are the assets or money "held in" Plaintiffs' respective trust accounts (i.e., their first argument), not the trust accounts themselves (i.e., their second argument). *See* 2d Am. Compl. ¶¶ 103–08.

Defendant's Motion for Partial Summary Judgment likewise defined Plaintiffs' property interest as "tied to the specific amount plaintiffs contributed into the TRP," rather than "a general right to the trust accounts" themselves. Def. Resp. at 4; *see* Defendant's Motion for Partial Summary Judgment (ECF No. 105) at 31–32. If Plaintiffs disputed Defendant's characterization of the relevant property interest, they had an obligation to make a contrary argument in their briefing opposing partial summary judgment. *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366–67 (Fed. Cir. 2003) (concluding argument "was waived when it was not raised in response to the motion for summary judgment"). Yet, Plaintiffs did not make a different argument. Instead, Plaintiffs simply reiterated that the source of their cognizable property interest was the assets within the trust accounts, rather than the trust accounts themselves. *See* Opp. at 11 ("Plaintiffs have an identifiable property interest in funds held in trust . . . ."); *id.* at 21 ("Plaintiffs have a property interest in the funds held in trust . . . ."); *id.* ("Plaintiffs' property interest in the 'specific funds of money' held in trust . . . ."); *id.* at 23 ("As soon as funds were transferred to the

trusts, Plaintiffs[] had a 'legal interest in th[at] property'" and "[i]t is this property interest that Plaintiffs assert here."); *id.* at 24 ("Under the Trust Agreements, as well as contract and trust law, Plaintiffs have a cognizable property interest in the funds held in trust, which the Government invaded when it required those funds be taken for public use.").  These statements clearly evince Plaintiffs' assertion that the relevant "specific funds" are the assets held within the trust accounts, rather than the trust accounts themselves.  Curiously, Plaintiffs' Motion cites these same statements to now contend that Plaintiffs have always asserted their second argument, i.e., that the relevant "specific funds" are the respective trust accounts themselves.  *See* Mot. at 8–9.  However, these statements do not support Plaintiffs' second argument, as each statement references the interest Plaintiffs have in monetary assets held within trust accounts, as opposed to the interest Plaintiffs have in their respective trust accounts as a whole.

In support of their Motion, Plaintiffs cite a single statement from their Opposition in which Plaintiffs argued they "have a property interest in a specific fund of money (i.e., the trusts created by their Trust Agreements)."  Mot. at 8 (quoting Opp. at 28) (emphasis removed).  While this statement may appear at first to support Plaintiffs' assertion that they advanced their second argument prior to oral argument, this statement is contradicted by numerous other statements and conclusions in the Second Amended Complaint and the Opposition, statements that clearly express a contrary theory.  *See* 2d Am. Compl. ¶¶ 103–05, 108–10; Opp. at 11, 21, 23, 24.  This single statement in the Opposition, absent from the Second Amended Complaint and at odds with Plaintiffs' "specific funds" theory presented elsewhere in their Opposition, is therefore insufficient to avoid waiver.  *See Pandrol*, 320 F.3d at 1366–67 (concluding argument "was waived when it was not raised in response to the motion for summary judgment"); *CardSoft*, 769 F.3d at 1119 ("Arguments that are not appropriately developed in a party's briefing may be deemed waived.");

*Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("[D]istinct claims are waived if not pled in a complaint."); *Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002) ("[W]e need not address Casa's agency theory because . . . [n]o mention of this theory appears in Casa's complaint.  Under the circumstances, we hold that [plaintiff] waived any claim it may have against the government based on such a theory.").

Accordingly, Plaintiffs have consistently alleged the "specific funds" relevant to the Takings Clause analysis are the assets within Plaintiffs' respective trust accounts.  *See* 2d Am. Compl. ¶¶ 103–05, 108; Opp. at 11, 21, 23, 24.  Plaintiffs did not raise their distinct second theory until oral argument on Defendant's Motion for Partial Summary Judgment.  *See EWTF II*, 2023 WL 4530118, at *10–*11.  Claims not presented in the complaint nor developed during briefing are properly deemed waived.  *Kimble*, 991 F.3d at 1244; *CardSoft*, 769 F.3d at 1119.  Therefore, this Court did not clearly err in holding that Plaintiffs' second argument—that the "specific funds" in which Plaintiffs have a cognizable property interest are the respective trust accounts as a whole—was waived.  *See Biery*, 818 F.3d at 711 (stating a court, in its discretion, may grant a motion for reconsideration when there is "a need to correct clear factual or legal error").

Plaintiffs separately argue "the specific points made by counsel at oral argument . . . were made in direct response to new arguments raised by the Government . . . in its Reply."  Mot. at 10. In its Reply, Defendant argued that the ACA did not identify "the particular fund of money from which" Plaintiffs must pay the TRP contributions.  Defendant's Reply in Support of its Motion for Partial Summary Judgment (ECF No. 121) (Reply) at 12.  Defendant thus argued Plaintiffs' case was different than prior "interest follows principal" cases—such as *Webb's*, *Phillips*, and *Brown*— where a statute expressly identified a specific fund of money to appropriate.  *Id.*  At oral argument, Plaintiffs countered that this case is no different from the "interest follows principal" cases because

Plaintiffs were "effectively required to pay their TRP contributions" from their trust accounts based on the structure of the ACA and related federal laws. *See EWTF II*, 2023 WL 4530118, at *10 (citing Trans. at 21:25–22:3, 25:24–26:2, 30:2–10); *see also* 2d Am. Compl. ¶ 36; Mot. at 4 (stating "federal law requires Plaintiffs to hold 100% of their assets in [their] trust accounts"). In their Motion, Plaintiffs now contend that their counterargument made at oral argument was a proper rebuttal argument. Mot. at 12; *see EWTF II*, 2023 WL 4530118, at *10–*11. And because Defendant posed a "new" argument in its Reply, Plaintiffs say, oral argument was Plaintiffs' only opportunity to respond.[4]  Mot. at 13.

It is correct that parties may respond to arguments first raised in a reply brief during oral argument. *See, e.g.*, *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (observing "the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument").  In the limited context of Defendant's argument that the "interest follows principal" cases are not analogous to this case, Plaintiffs' counterargument—that federal laws effectively required Plaintiffs to pay TRP contributions using assets from their trust accounts—was a proper rebuttal argument.

In summary, Plaintiffs waived any argument that they have a cognizable property interest in their respective trust accounts as a whole. *See EWTF II*, 2023 WL 4530118, at *10–*11. Consequently, to the extent Plaintiffs argue the structure of the ACA and other federal laws effectively identified the trust accounts as a whole as the relevant "specific funds" for purposes of

---

[4] In the Motion, Plaintiffs argue that Defendant, "by not presenting this argument until its Reply, . . . waived [the] argument." Mot. at 13.  That is not correct.  Defendant included this "new" argument in its Reply only to rebut Plaintiffs' argument that the "interest follows principal" line of precedent controls this case. *See* Reply at 11–13; *see also* Opp. at 24–26.  Defendant's argument in its Reply simply reflects the point-counterpoint nature of briefing. *See Novosteel*, 284 F.3d at 1274 (observing "reply briefs *reply* to arguments made in the response brief") (emphasis in original).

the Takings Clause, that argument is waived.   However, the Court clarifies that Plaintiffs' argument that federal laws effectively required Plaintiffs to pay TRP contributions using assets from their trust accounts was a proper rebuttal to an argument Defendant advanced in its Reply. *See* Mot. at 10–13.  Plaintiffs therefore did not waive their rebuttal argument that the structure of the ACA and other federal laws, including the Taft-Hartley Act and ERISA, effectively required Plaintiffs to pay TRP contributions using assets from their trust accounts.  *See id*.  This accords with Plaintiffs' long-held—though incorrect—theory that the relevant "specific funds" are the assets paid as TRP contributions, rather than the respective trust accounts as a whole.  *See* 2d Am. Compl. ¶¶ 103–05; *EWTF II*, 2023 WL 4530118, at *8.

## CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Reconsideration is **DENIED**.


IT IS SO ORDERED.


*Eleni M. Roumel*
ELENI M. ROUMEL
Judge


August 18, 2023
Washington, D.C.